UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYMOND CLAUDIO,

      Petitioner,

v.                                Case No. 3:24-cv-686-MMH-LLL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____

### ORDER

      Petitioner, Raymond Claudio, an inmate of the Florida penal system, initiated this action pro se by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). He moves to proceed as a pauper (Doc. 2) and asks the Court in both his Petition and through a motion (Doc. 3) to excuse exhaustion. Claudio seeks to challenge a 2023 state court (Putnam County) judgment of conviction for the sale of methamphetamine and fentanyl, alleging multiple grounds of ineffective assistance of counsel. See generally Doc. 1. He concedes he did not exhaust his state court remedies before bringing this action but asks that the Court excuse exhaustion on the following grounds: the judge recently appointed to his case "does not have jurisdiction"; he did not receive certain court orders; he was

denied evidentiary material; the Fifth District Court of Appeal denied his petitions for writ of mandamus; and the Florida Department of Corrections has rejected his legal mail from the Putnam County Clerk of Court. See generally Doc. 3.

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies available for challenging his state conviction:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a [s]tate court shall not be granted unless it appears that--
>
> **(A)** the applicant has exhausted the remedies available in the courts of the [s]tate; or
>
> **(B)(i)** there is an absence of available [s]tate corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must present every issue raised in his federal petition to the state's highest court. Castille v. Peoples, 489 U.S. 346, 351 (1989). See also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process."). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the

[s]tate within the meaning of [§ 2254] if he has the right . . . to raise, by any available procedure, the question presented." See 28 U.S.C. § 2254(c).

Claudio's federal habeas Petition is premature because it is clear he has not invoked one complete round of the "[s]tate corrective process" available to him. See O'Sullivan, 526 U.S. at 845. Indeed, a review of his state court docket shows he has an evidentiary hearing set for October 17, 2024, on his amended motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.[1] See Putnam County Online Court Records Search, available at https://www.civitekflorida.com/ocrs/app/search.xhtml (last visited Sept. 16, 2024) (Case Number 2022-CF-1229).[2] There is no indication the state process has become unavailable to Claudio or ineffective to protect his rights. See Hughes v. Stafford, 780 F.2d 1580, 1581 (11th Cir. 1986) ("[I]t would be inappropriate to waive the exhaustion requirement where the petitioner has a

---

[1] The Court takes judicial notice of Claudio's state court docket. See Fed. R. Evid. 201(b)(2). See also Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649 (11th Cir. 2020) ("State court records of an inmate's postconviction proceedings generally satisfy [the] standard [for judicial notice under Rule 201(b)(2)].").

[2] In this action, Claudio is challenging his conviction in Putnam County case number 2022-CF-1229, which is one of four cases in which he entered a plea of nolo contendere on May 12, 2023. See Putnam County Online Court Records Search, available at https://www.civitekflorida.com/ocrs/app/search.xhtml (last visited Sept. 16, 2024). Claudio has filed multiple premature habeas petitions in this Court challenging his convictions in all four cases. See Case Nos. 3:23-cv-1389-TJC-LLL (dismissed as premature); 3:23-cv-1400-HES-LLL (same); 3:23-cv-1460-BJD-MCR (same); 3:23-cv-1461-HLA-JBT (same); 3:24-cv-281-TJC-SJH (same); 3:24-cv-622-BJD-PDB (same); 3:24-cv-923-TJC-SJH (filed Sept. 6, 2024).

viable state procedure available at the same time he files his federal petition."). Rather, it appears Claudio merely wants to circumvent the state corrective process because he is dissatisfied with the state court's rulings or the process itself. This, he cannot do.

Upon consideration of the Petition and the state court docket, it appears that Claudio is attempting to bypass his state court remedies, and his failure to exhaust is not due to be excused. The state court has not barred Claudio from filing postconviction motions or otherwise hindered his ability to seek state postconviction relief. Once Claudio's state proceedings conclude, he may challenge his convictions through a federal habeas petition under § 2254. As such, the Petition is premature, and the Court will dismiss this action without prejudice subject to Claudio's right to file a federal petition after he has exhausted all state court remedies.[3]

Accordingly, it is

**ORDERED:**

1. Claudio's motion to excuse exhaustion (Doc. 3) is **DENIED**.

---

[3] A stay of the proceedings is not warranted. Claudio alleges no facts showing he had "good cause" for failing to "exhaust his claims first in state court." See Rhines v. Weber, 544 U.S. 269, 277 (2005).

2. This case is **DISMISSED without prejudice** subject to Claudio's right to file a federal petition after he has exhausted all state court remedies.[4]

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

4. If Claudio appeals the dismissal of the case, this Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of September, 2024.

/s/ Marcia Morales Howard
MARCIA MORALES HOWARD
United States District Judge

---

[4] This dismissal without prejudice does not excuse Claudio from complying with the one-year statute of limitations for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d).

[5] A certificate of appealability is appropriate when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (citation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Upon full consideration, this Court denies a certificate of appealability.

Jax-6
c: Raymond Claudio